UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
                                    FILED
                                    APR 14 2009
                                    CLERK, U.S. DISTRICT COURT
                                         NORFOLK, VA
```

MOLICKI RAESHAWN DOZIER, #367126,

    Petitioner,

v.            CIVIL ACTION NO. 2:08cv570

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On July 19, 2006, Petitioner, Molicki Raeshawn Dozier ("Dozier"), was convicted in the Circuit Court of the City of Virginia Beach, Virginia ("Circuit Court") of possession of a firearm by a convicted felon. Case No. CR05-4550. Following a sentencing hearing on the same day, Dozier was sentenced to a total of five (5) years imprisonment with three (3) years of post-release

supervision.

Dozier appealed to the Court of Appeals of Virginia ("Court of Appeals"). On February 20, 2007, the Court of Appeals denied the appeal.[1] Record No. 2061-06-1 ("Dozier I"). On June 23, 2004, Dozier requested a review by a three-judge panel of the Court of Appeals, which was denied by the court's order of May 31, 2007. Record No. 2061-06-1 (per curiam) ("Dozier II"). On June 20, 2007, Dozier filed a petition for appeal in the Supreme Court of Virginia.[2] On November 20, 2007, the Supreme Court of Virginia summarily refused the petition for appeal. Record No. 071309. ("Dozier III"). Dozier did not file a petition for certiorari in the United States Supreme Court.

On December 2, 2008, while in the custody of the Virginia Department of Corrections at the Sussex II State Prison, Dozier executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"). On January 27, 2009, Respondent filed Respondent's Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(K).

---

[1] In denying the petition, the Court of Appeals rejected petitioner's claim on the merits. Dozier I. Specifically, the court found that the statements at issue in the case were not admitted for their truth, but to explain the police officers' conduct, and were therefore not hearsay. Id.

[2] In that petition, Dozier raised the same grounds for appeal as were raised in the Court of Appeals, see id.

### B. Ground Alleged

Dozier now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 on the ground that admission of hearsay evidence denied the petitioner due process and a fair hearing. Dozier attempted to raise this claim in the state court. It was denied on the merits by the Court of Appeals (<u>Dozier I</u>) and was summarily dismissed by the Supreme Court of Virginia (<u>Dozier III</u>).

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Dozier's request for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Dozier's motion for an evidentiary hearing.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that Dozier's claim is exhausted and that it should be examined on the merits.

### A. Exhaustion

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless a petitioner has exhausted the remedies available to him in the

courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (stating that if a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims;" thus, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971); Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (holding that the exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court").

It is the petitioner's burden to prove that his claims have

been exhausted. <u>Matthews</u>, 105 F.3d at 911.

Respondent concedes that the instant claim is exhausted because Dozier raised this claim in his direct appeals to the state court, and the claim was considered and rejected on the merits by the Supreme Court of Virginia (<u>Dozier III</u>). Respondent's Brief at 3. The Court concurs and FINDS that the claim has been exhausted and should be addressed on the merits.

### B. Claim Rejected on the Merits in State Proceedings

The Court now considers the claim on the merits.

#### 1. Merits Analysis

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000) (quotation omitted); <u>see also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing

that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411.

### 2. Trial Court Error

In his claim, Dozier alleges that his constitutional rights were violated by the trial court's error in allowing hearsay evidence against him. See Federal Habeas Petition, at 8. Dozier raised this claim on his appeal to the Supreme Court of Virginia, which summarily refused that petition (Dozier III). When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In the instant case, therefore, this Court looks to the decision of the Court of Appeals (Dozier I) as the last reasoned

state judgment on this claim. In that decision, the Court of Appeals determined that the police officer's testimony was not hearsay because it was not offered for its truth but to explain the police officers' conduct. Dozier I, at 1-2. To the extent this determination only involved application of state law, it is not subject to review by this Court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Based on the foregoing, this Court FINDS that Dozier has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing the instant claim. As such, this Court recommends that the instant claim be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, having denied Dozier's request for an evidentiary hearing, the Court recommends that Dozier's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that Dozier's claim be DISMISSED WITH PREJUDICE.

Dozier has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this

Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
April 14, 2009

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Molicki Raeshawn Dozier, #367126
Wallens Ridge State Prison
272 Dogwood Drive
Big Stone Gap, VA 24219
PRO SE

Jennifer C. Williamson, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
COUNSEL FOR RESPONDENT

Fernando Galindo, Clerk

By: _____
Deputy Clerk

April 14, 2009